UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTINA ANTOINETTE DE TRUFF,

Plaintiff,

-against-

117 WEST 141 DE LLC; 117 WEST 141LLC;
CHAIM SIMKOWITZ; ELEANOR PATRICK,

Defendants.

24-CV-7910 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under the Court's federal question

jurisdiction and supplemental jurisdiction, alleging that Defendants violated her rights under

federal and state law. By order dated November 18, 2024, the Court granted Plaintiff's request to

proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following

reasons, the Court dismisses the complaint, with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Martina Antoinette de Truff[1] filed this complaint against: (1) 117 West 141 DEL

LLC; (2) 117 West 141 LLC; (3) Chaim Simkowitz; and (4) Eleanor Patrick. Plaintiff alleges

that Simkowitz is "listed as the CEO of 117 West 141 DE LLC and 117 West 141 LLC," and

that Patrick is "listed as Landlord of 117 West 141 DE LLC." (ECF 1 at 2.) The following facts

are drawn from the complaint.

---

[1] Plaintiff previously file a *pro se* complaint under the name Martina Inumidun Iwala.
The Court dismissed Plaintiff's complaint with leave to replead for failure to state a claim, and
then entered civil judgment after Plaintiff failed to file an amended complaint. *See Iwala v. NYC
Police Dep't*, ECF 1:23-CV-5078, 8 (LTS) (S.D.N.Y. Sept. 12, 2024).

Plaintiff asserts that she was evicted from her apartment "without proper legal notice or adherence to established procedures under New York state law," and that before the eviction the "New York State Division of Housing and Community Renewal ("DHCR") had issued a "rent reduction order, requiring the Defendant to lower Plaintiff's rent due to uninhabitable conditions." (*Id.*) She further asserts that Defendants "refused to comply with this order, continuing to charge Plaintiff the full rent in direct violation of DHCR's mandate." (ECF 1 at 2-3.)

Thereafter, according to Plaintiff, Defendants "wrongfully disposed" of her personal property, worth more than $400,000, which included computers, printers, "mobile devices," air conditioners, cameras, headsets used for Plaintiff's "nonprofit work," "[i]rreplaceable family items" such as her "father's ashes," medications, personal documents, including her social security card, passport, and bank statements, which resulted "in potential identity theft and further emotional and financial harm." (*Id.* at 3.)

Plaintiff alleges that Defendants violated: (1) her right to due process, in violation of 42 U.S.C. § 1983; (2) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, by allegedly falsely reporting that Plaintiff owed rent; and (3) the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, by "reproducing, distributing, and displaying [copyrighted works] without" permission or authorization. (*Id.*) Plaintiff further claims to have "established common law trademark rights through the use of certain names, logos, and designs in connection with Plaintiff's nonprofit and professional activities," and that Defendants' "unauthorized use of these trademarks [is] likely to cause confusion among consumers." (*Id.* at 7.)

Plaintiff also asserts state law tort claims of conversion, negligence, intentional infliction of emotional distress, breach of contract, and "New York State housing law," and alleged

violations of the Uniform Commercial Code ("UCC"), and she claims that Defendants have "failed to pay outstanding invoices totaling $5,352,850 due to Plaintiff for services rendered and other contractual obligations." (*Id.*)

Plaintiff seeks money damages "for the improper seizure and disposal of" her personal property. (*Id.* at 4-6, 8-9.)

## DISCUSSION

A.    Federal claims

    1.    42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Here, Plaintiff asserts that Defendants violated her federal rights. Because Defendants are private parties, however, and there are no allegations in the complaint suggesting that Defendants work for or are affiliated with any state or other governmental body, Plaintiff has failed to allege that they acted under color of state law. Accordingly, these defendants are not subject to liability under Section 1983, and the claims arising under that statute are dismissed for failure to state a claim.

2.      Fair Credit Reporting Act

The Fair Credit Reporting Act ("FCRA") "regulates credit reporting procedures to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information." *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 150 (2d Cir. 2012) (citing 15 U.S.C. § 1681(b)). Section 1681s-2(a) of the FCRA imposes a duty on "furnishers of information" to a credit reporting agency to undertake an investigation upon receipt of notice of dispute from a consumer reporting agency. *Nguyen v. Ridgewood Sav. Bank*, 66 F. Supp. 3d 299, 305 (E.D.N.Y. 2014) (collecting cases holding that courts recognize a private right of action for willful or negligent non-compliance with Section 1681s-2(b)).

To state a claim under Section 1681s-2(b), a plaintiff-consumer must show that (1) a furnisher received notice of a credit dispute from a credit reporting agency (as opposed to from the consumer alone) and (2) the furnisher negligently or willfully failed to conduct a reasonable investigation. *Jackling v. HSBC Bank USA, N.A.*, No. 15-CV-6148, 2019 WL 162743, at *4 (W.D.N.Y. Jan. 10, 2019); *Redhead v. Winston & Winston, P.C.*, No. 01-CV-11475 (DLC), 2002 WL 31106934, at *5 (S.D.N.Y. Sept. 20, 2002). The reasonableness of a furnisher's investigation depends upon the nature and scope of the consumer's dispute. *See Okocha v. HSBC Bank USA, N.A.*, No. 08-CV-8650 (MHP), 2010 WL 5122614, at *6 (S.D.N.Y. Dec. 14, 2010) (examining the reasonableness of a furnisher of information's investigation based upon "what it was told by the credit bureau"). The FCRA does not require that a furnisher of information delete a consumer's disputed account, but rather "simply requires the furnisher of information to investigate and to report information from the investigation." *Ritchie v. N. Leasing Sys., Inc.*, No. 12-CV-4992 (AKH), 2016 WL 1241531, at *17 (S.D.N.Y. Mar. 28, 2016).

Here, Plaintiff has not plausibly alleged either element of a Section 1681s-2(b) violation. She does not allege either that she notified a credit reporting agency of the disputed debt at issue,

or that Defendants received notice of Plaintiff's disputed debt from a consumer credit agency and thereafter acted in willful or negligent noncompliance with the statute. Plaintiff's complaint therefore fails to state a claim against Defendants under Section 1681s-2(b) of the FCRA. Accordingly, the Court dismisses Plaintiff's FCRA claim for failure to state a claim.

3.      Copyright and trademark

The Copyright Act gives the owner of a copyright certain "exclusive rights," 17 U.S.C. § 106, to protect "original works of authorship," 17 U.S.C. § 102(a). "[T]he author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989).

District courts within this Circuit require a plaintiff to allege the following to state a copyright infringement claim: "(1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been [preregistered or] registered in accordance with the statute, and (4) by what acts and during what time the defendant infringed the copyright." *Conan Props. Int'l LLC v. Sanchez*, No. 1:17-CV-0162, 2018 WL 3869894, at *2 (E.D.N.Y. Aug. 15, 2018) (citing, *inter alia, Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

A plaintiff with a valid copyright must allege facts suggesting infringement by demonstrating that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's work. *Lewinson v. Henry Holt & Co., LLC*, 659 F. Supp. 2d 547, 562 (S.D.N.Y. 2009) (quoting *Fisher–Price, Inc. v. Well–Made Toy Mfg., Corp.*, 25 F.3d 119, 122-23 (2d Cir. 1994)); *see Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 100 (2d Cir. 2014).

The facts alleged do not give rise to a claim of either copyright infringement or trademark infringement. Even if the Court assumes that Plaintiff's owns valid copyrights or trademarks that are properly registered, she does not show that Defendants infringed on a copyright or trademark by engaging in unauthorized copying of Plaintiff's work or in some other manner. And the facts alleged do not suggest that Defendants violated Plaintiff's right of attribution or improperly claimed authorship of her work. Accordingly, Plaintiff's copyright and trademark infringement claims are dismissed for failure to state a claim on which relief may be granted.

B.    State law claims

1.    Diversity of citizenship jurisdiction

Plaintiff asserts claims that arise under state law, but it does not appear that the Court has diversity of citizenship jurisdiction of this matter. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that she and Defendants reside in New York, precluding complete diversity of citizenship.

2.    Supplemental jurisdiction

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." (*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Because, as explained below,

the Court is granting Plaintiff leave to replead her claims, the Court will determine at a later stage whether to exercise supplemental jurisdiction of any state law claims Plaintiff seeks to assert.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status and in an abundance of caution, the Court grants Plaintiff 30 days' leave to amend her complaint to detail her federal claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

  Dated:    December 30, 2024
            New York, New York

                                         /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                     Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

\_\_\_\_ Civ. _____ ( \_\_\_\_ )

**AMENDED COMPLAINT**

Jury Trial:  ☐ Yes      ☐ No
(check one)

I.      **Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff        Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 2    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 3    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 4    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions            ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right

is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

**III.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.    Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____
_____

C.    Facts:  _____
_____

| What happened to you? |
_____
_____
_____

| Who did what? |
_____
_____
_____

| Was anyone else involved? |
_____
_____

| Who else saw what happened? |
_____
_____
_____

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.  _____
_____
_____
_____
_____
_____
_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____



**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Mailing Address             _____

_____

_____

Telephone Number         _____

Fax Number *(if you have one)*   _____

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:     _____

Inmate Number             _____

*Rev. 12/2009*                                    4